# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 11-282V
**Filed: March 9, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| SUE RUSSELL, *parent and guardian of* K.A.,* | |
| * | Special Master Gowen |
| Petitioner, * | |
| * | Joint Stipulation; |
| v. * | Attorneys' Fees and Costs; |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * * * | |

Kate G. Westad, Lommen Abdo Law Firm, Minneapolis, MN, for petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 5, 2011, Sue Russell ("petitioner") filed a petition on behalf of her minor daughter, K.A., pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner alleged that as a result of receiving a Hepatitis A vaccination on May 23, 2008, K.A. suffered from a tonic-clonic seizure within 24 hours of receipt of the vaccine and subsequently developed intractable seizures. Petition ¶¶ 1, 2. On September 9, 2014, the undersigned entered a decision dismissing the petition as petitioner failed to extablish by a preponderance of the evidence that the Hepatitis A vaccine was the cause of K.A.'s seizure

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

disorder. See Decision, filed Sept. 9, 2014.

On March 6, 2015, the parties filed a stipulation concerning attorneys' fees and costs. Petitioner requests a total award of attorneys' fees in the amount of $23,850.00. Stipulation at ¶3. Respondent does not object. Id. In accordance with General Order #9, petitioner's counsel represents that petitioner did not personally incur any costs in pursuit of this claim. Id. at ¶ 4.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's motion, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**in the form of a check jointly payable to petitioner and to petitioner's attorney, Kate G. Westad, of Lommen Abdo Law Firm, in the amount of $23,850.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

        **s/ Thomas L. Gowen**
        Thomas L. Gowen
        Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.